# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>GREGORY DOZIER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00376-TES-CHW |

## ORDER

Pursuant to Federal Rule of Civil Procedure 72(a), *pro se* Plaintiff Christopher L. Amerson seeks reconsideration of three nondispositive orders, [Docs. 60, 71, 90], previously entered by the United States Magistrate Judge. This rule permits "[t]he district judge . . . [to] consider timely objections and modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

As a preliminary matter, however, the Court addresses Plaintiff's Motion for Extension of Time [Doc. 80]. In that Motion, he requests that the Court consider his second Motion for Reconsideration [Doc. 78], *infra*, despite its untimely filing due to purported delays in the prison mail system. *Compare* [Doc. 71] *with* [Doc. 78]; *see also* [Doc. 80 at p. 1]. Normally, these types of motions must be filed within 14 days after service of the order for which review by the district judge is sought. Fed. R. Civ. P.

72(a). Nevertheless, after consideration of Plaintiff's "request that his attached objections [and] motions be accepted," the Court **GRANTS** his Motion for Extension of Time [Doc. 78]. [Doc. 78 at p. 1]. Accordingly, the Court considers all three of Plaintiff's pending Motions seeking review of orders, [Docs. 60, 71, 90], previously entered by the magistrate judge.

Since the magistrate judge's orders do not dispose of a claim or defense of any party, it is a nondispositive order. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail on his Motions, Plaintiff must establish that any conclusion to which he objects or seeks reconsideration from the magistrate judge's orders is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. Rule 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);[1] *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (quoting Fed. R. Civ. P. 72(a)) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'")

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

As for Plaintiff's Motions, his first Motion for Reconsideration [Doc. 65] asks the Court to reconsider the magistrate judge's futility-based denial of leave to amend his complaint. [Doc. 60]. His second Motion for Reconsideration [Doc. 78] seeks review of the magistrate judge's denial of a variety of motions, three of which, [Docs. 62, 64, 67], also sought leave to amend his complaint, while the other was a Motion for Discovery [Doc. 66]. *See* [Doc. 71]. Finally, in his third motion, a Motion to Alter Judgment [Doc. 96], Plaintiff requests the reconsideration the magistrate judge's extension of this case's discovery period. *See* [Doc. 90 at pp. 1–2].

Upon careful consideration of Plaintiff's Motions, the Court finds that the magistrate judge's previous, nondispositive orders were neither clearly erroneous nor

3

contrary to law. *See, e.g.*, [Doc. 60 at pp. 1–2]; [Doc. 71 at p. 4]; [Doc. 90 at pp. 1–2].

Accordingly, the Court **DENIES** Plaintiff's Motions for Reconsideration [Docs. 65, 78, 96] and the United States Magistrate Judge's previous rulings shall stand as ordered.

**SO ORDERED**, this 4th day of December, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
