# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHRISTOPHER L. AMERSON,** *Plaintiff,* v. **GREGORY DOZIER,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00376-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After a de novo review of the record in this case, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 148] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). Consistent with the magistrate judge's recommendation, the Court **GRANTS** Defendants' Motion to Dismiss. [Doc. 124]. The Court thoroughly reviewed and considered Plaintiff's Objection [Doc. 155] to the Report and Recommendation and finds that it lacks merit. Plaintiff's claims against all remaining Defendants are dismissed because of Plaintiff's failure to participate in his noticed deposition and previous bad-faith conduct pursuant to Federal Rules of Civil Procedure 37 and 41

# DISCUSSION

A. **Applicable Law**

Rule 37(d) of the Federal Rules of Civil Procedure provides that the Court may order sanctions if a party fails to appear for his deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i); *Hashemi v. Campaigner Publ'ns.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984) (per curiam) (affirming dismissal under Rule 37(d) for party's failure to appear for deposition). Such failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Available sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," including dismissal of the action. Fed. R. Civ. P. 37(d)(3).

"Because dismissal with prejudice is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice." *Zow v. Regions Financial Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). "Nonetheless, if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion." *Zow*, 595 F. App'x at 889 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "These principles apply with equal force to pro se parties." *Zow*, 595 F. App'x at 889 (citing *Moon*, 863 F.2d at 837).

Similarly, Rule 41(b) provides that an action may be dismissed "[i]f the plaintiff fails . . . to comply with these rules." Fed. R. Civ. P. 41(b). But dismissal "is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). The Eleventh Circuit has articulated a two-part analysis for determining when an action should be dismissed as a sanction under Rule 41(b): "[t]here must be both a clear record of wilful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)). Findings satisfying both prongs must be made before dismissal is deemed an appropriate sanction. *See Betty K Agencies*, 432 F.3d at 1339.

B.  **Analysis**

Amerson's has acted in bad faith, and previous attempts to impose lesser sanctions than dismissal with prejudice have proven inadequate.

First, Plaintiff has not followed Court discovery instructions despite being warned that failure to do so could result in dismissal of his case. The Court's discovery instructions state, "**Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure**." [Doc. 21, p. 19]. Plaintiff failed to give his deposition after Plaintiff received

3

proper notice, and Plaintiff failed to file a protective order that could have excused his actions. Defendants scheduled Plaintiff's deposition for 11:30 am on December 19, 2019. [Doc. 124-2, p. 2]. Defendants sent notice of the scheduled deposition on November 26, 2019, and Plaintiff acknowledged receipt of that notice on December 3, 2019. [Doc. 124-3, p. 1]. However, at the start of his deposition, Plaintiff stated he thought he had been poisoned, had not been able to sleep for two days, and did not feel competent enough to answer questions. [Doc. 124-4, Amerson Depo., pp. 7:8—19, 11:10—15]. But before the deposition was suspended, Plaintiff was still able to inquire about his own discovery requests, recalling dates and specific details. *See* [Doc. 124-4, Amerson Depo., pp. 30:2—6, 32:4—9]. Plaintiff then filed a motion for compulsive discovery relief [Doc. 129], where Plaintiff appears to cite his inquiries during his deposition as satisfying his Rule 37 obligation to confer in good faith with opposing counsel. *See* [*Id.*, p. 1]. The magistrate judge considered this tactic a bad faith attempt to delay the deposition because Amerson was clearly capable of discussing and recalling other matters while claiming to be incapacitated for his own deposition. The Court agrees.

Further, Plaintiff has repeatedly ignored or disregarded court orders. For instance, Amerson has continuously attempted to add Timothy Ward, the new Commissioner of the Department of Corrections, as a Defendant despite the Court repeatedly denying his requests to do so. *See* [Doc. 90 *denying* Doc. 84] and [Doc. 71 *denying* Doc. 64 and Doc. 67]. Pending now before the Court is yet another motion to

4

add Ward as a Defendant. [Doc. 113]. This conduct shows a complete disregard for the Court's previous Orders during this proceeding.

Accordingly, Amerson has disregarded the Court's warning about a possible dismissal, failed to participate in discovery, and has continually ignored the Court's orders. Further, Amerson's conduct in a previous case litigating this subject matter shows a pattern of similar bad faith conduct. In *Amerson v. Sellers*, the Court dismissed the action without prejudice after Amerson repeatedly failed to comply with Court Orders. *See* Order, *Amerson v. Sellers*, No. 5:15-cv-00008-MIT-MSH (M.D. Ga. Sept. 8, 2015) Ecf No. 17. In *Sellers*, Amerson continually stated an inability to recast his complaint—because Defendants were "conspiring" against him—while simultaneously mailing a half dozen documents to the Court within the time period for compliance. *Id.* at 2. As in this case, Amerson stated an inability to follow court orders while his actions plainly showed otherwise.

Consequently, lesser sanctions—like issuing an Order compelling Amerson to take his deposition—would be insufficient, as made evident by Amerson's willful disregard for the Court's previous orders.

## CONCLUSION

Based on the forgoing, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 148] and **GRANTS** Defendants' Motion to Dismiss

5

[Doc. 124]. The Court **DISMISSES** Plaintiff's claims **with prejudice.** Accordingly, Amerson's:

- Motion to Amend/Correct Recast Complaint/Petition [Doc. 113],
- Motion to Terminate Deposition [Doc. 117],
- Motion for Extension of Time to File Objection to Order [Doc. 118],
- Motion Objecting to U.S. Magistrate Order [Doc. 119],
- Motion for Evidentiary Hearing [Doc. 120],
- Motion for Sanctions [Doc. 121],
- Motion for Sanctions [Doc. 129],
- Motion for Insufficient Service of Process [Doc. 130],
- Motion for Copies [Doc. 154], and his
- Motion for Copies [Doc. 157]

are **DENIED as moot.** As there are no remaining Defendants, the Court **DIRECTS** the Clerk to **close** this case.

**SO ORDERED**, this 12th day of March, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**