IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON,<br><br>  *Plaintiff,*<br><br>v.<br><br>GREGORY DOZIER, *et al.,*<br><br>  *Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00376-TES-CHW |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are Plaintiff's motions for leave to appeal *in forma pauperis* [Doc. 166] [Doc. 167] and Plaintiff's motion to cure default [Doc. 168]. Previously, the Court dismissed Plaintiff's claims with prejudice pursuant to Federal Rules of Civil Procedure 37 and 41. [Doc. 158]. Plaintiff now seeks to appeal that decision, arguing that the Court abused its discretion, violated his due process rights, and issued a ruling that had an unduly prejudicial effect. [Doc. 166, p. 1]. As explained in further detail below, the Court **DENIES** Plaintiff's motions for leave to appeal *in forma pauperis*.

  A. **Appeal *In Forma Pauperis* Standard**

If the trial court certifies in writing that the appeal is not taken in good faith, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). " '[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445

(1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

    **B.**    <u>**Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal**</u>

Plaintiff states that he is unable to pay the filing fee and argues that the Court abused its discretion, violated his due process rights, and issued a ruling that had an unduly prejudicial effect. [Doc. 166, p. 1]; *see* [Doc. 158]; [Doc. 148]. However, Plaintiff's motions fail to expand on his reasons for appeal beyond those general assertions. Thus, the Court conducted an independent review of the issues addressed in the Court's Order dismissing Plaintiff's action. *See also Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

As discussed in the dismissal, Plaintiff disregarded the Court's warning about a possible dismissal, failed to participate in his scheduled deposition, and continually

ignored the Court's orders. "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal," because "all litigants, including pro ses, have an obligation to comply with court orders." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Since dismissal with prejudice is a drastic sanction, "a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith . . . and (2) the district court specifically finds that lesser sanctions would not suffice." *Taylor v. Taylor*, 133 F.App'x 707, 709 (11th Cir. 2019) (citing *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) and *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994)). Amerson's willful failure to participate in his deposition—after being warned by the Court that this could result in dismissal—was a bad faith act, and the Court specifically found a lesser sanction would be insufficient because of Amerson's pattern of abusive conduct. [Doc. 158, p. 5]; [Doc. 148, p. 6].[1] Accordingly, the Court was well within its discretion to dismiss his case with prejudice. The appeal, therefore, is not brought in good faith as there are no issues with arguable merit, and the Court **DENIES** Plaintiff's Motions for Leave to Appeal *In Forma Pauperis* [Doc. 166] [Doc. 167]. The Court also

---

[1] The Court noted Plaintiff has persisted in his bad faith conduct despite prior sanctions, including a non-prejudicial dismissal of a case involving precisely the same subject matter. [Doc. 158, p. 5]; [Doc. 148, p. 6].

**DENIES as moot** Plaintiff's motion to cure default [Doc. 168].[2]

   **SO ORDERED**, this 8th day of May, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Plaintiff requests that the Court extend the deadline under Eleventh Circuit Rule 42-1(b) for receiving *in forma pauperis* status or paying the filing fee on appeal. [Doc. 168, p. 1]. The Court lacks the power to extend deadlines imposed by the Eleventh Circuit. Accordingly, the motion is improper but, as the Court denies Amerson *in forma pauperis* status, the issue is moot.